IRVING, P.J.,
for the Court:
¶ 1. A Pike County jury found Raymond Fortenberry guilty of aggravated assault, and the circuit court sentenced him to twenty years in the custody of the Mississippi Department of Corrections, with ten years suspended, teii years to serve, and five years of post-release supervision. Fortenberry filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied. Feeling aggrieved, Forten-berry appeals and argues that the verdict is against the overwhelming weight of the evidence because he acted in self-defense.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On the day of the incident giving rise to this charge, Fortenberry approached Delwin Robinson while Robinson was sitting on Robinson’s parents’ front porch. Fortenberry asked Robinson for a cigarette, and after Robinson gave him the cigarette, Fortenberry stood in the yard while he and Robinson chatted. Forten-berry made a disrespectful remark to Robinson’s father, who was outside mowing the lawn at that time. Robinson and For-tenberry began arguing, resulting in Robinson pushing Fortenberry. Fortenberry pushed him back, and Robinson responded with a punch. Robinson’s father broke up the fight and told Robinson to go inside the house. As Robinson was turning to walk away, he noticed that Fortenberry was walking toward him. Robinson walked back toward Fortenberry. Forten-berry then reached around Robinson’s father and punched Robinson in the face. The two began to tussle, and gunshots rang out. Robinson did not realize that he had been shot in the leg at that time, but noticed that Fortenberry had a gun in his hand. Robinson fell on top of Fortenberry as he was trying to wrestle the gun out of Fortenberry’s hand. Robinson’s father *111 eventually separated the two men and retrieved Fortenberry’s gun.
¶4. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. Fortenberry claims that the circuit court erred in denying his motion for a new trial because the verdict is against the overwhelming weight of the evidence. Specifically, he argues that the evidence demonstrated that he acted in reasonable self-defense. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 886, 844 (¶ 18) (Miss.2005). “[T]he evidence should be weighed in the light most favorable to the verdict.” Id.
¶ 6. We have held that
[t]o make an assault justifiable on [the] grounds of self-defense, danger to the defendant must be either actual, pres-entí,] and urgent, or [the] defendant must have reasonable grounds to apprehend [a] design on the part of the victim to kill, or to do him some great bodily harm, and, in addition, there must be imminent danger of such design being accomplished.
Anderson v. State, 102 So.3d 304, 310 (¶ 23) (Miss.Ct.App.2012) (quoting Anderson v. State, 571 So.2d 961, 963 (Miss.1990)). Mississippi Code Annotated section 97-3-7(2)(a) (Supp.2013) states in pertinent part that
[a] person is guilty of aggravated assault if he (i) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly[,] or recklessly under circumstances manifesting extreme indifference to the value of human life; [or] (ii) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm[J
The State has the burden of proving that the defendant acted purposely or knowingly, and not in self-defense. Gilmore v. State, 119 So.3d 278, 285 (¶ 10) (Miss.2013). We note that Fortenberry did not testify at trial, and that Robinson was the only witness to testify regarding the incident. It is undisputed that Fortenberry purposely fired a gun at Robinson, striking him in the leg.
¶ 7. Fortenberry argues that he was in actual, present, and urgent danger when Robinson “knocked him down and punched him in the face.”[1] He insists that Robinson intended to cause him great bodily harm, and that he acted in reasonable self-defense when he shot Robinson in the leg. We find no evidence that Fortenberry was in danger of imminent death or great bodily harm. Robinson’s testimony indicated that after Fortenberry punched him in the face, they started “wrestling.” His testimony does not reveal any action that would have led Fortenberry to reasonably believe that Robinson was trying to kill him or cause him great bodily harm. Also, according to Robinson’s testimony, Robinson was the initial aggressor, as Robinson admitted that he pushed Fortenberry first. However, after Robinson’s father stepped between them to break up the initial fight, *112 Fortenberry became the aggressor when he reached around Robinson’s father and punched Robinson in the face.
¶8. As stated, Fortenberry’s argument is that he acted in self-defense. The jury was instructed to render a verdict in favor of Fortenberry if it concluded that Forten-berry had acted in self-defense when he shot Robinson. The jury is charged with making a determination of the facts. Here, the jury determined, from the evidence, that Fortenberry had not acted in self-defense when he shot Robinson. The record supports the jury’s findings, as the record shows that Fortenberry became the aggressor after Robinson’s father broke up the initial fight. As we have already stated, there is no evidence that Fortenberry was in danger of imminent death or great bodily harm at the hands of Robinson when Fortenberry shot Robinson in the leg. Therefore, allowing the verdict to stand would not sanction an unconscionable injustice. This issue is without merit.
¶ 9. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN YEARS SUSPENDED, TEN YEARS TO SERVE, AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A FINE OF $2,500 AND $4,289.59 IN RESTITUTION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Although Fortenberry argues in his appellate brief that Robinson knocked him down, there is no evidence in the record to that effect. As stated, Fortenberry did not testify, and Robinson did not testify to knocking For-tenberry down. The video recording of For-tenberry's interview was played for the jury. We reviewed that recording and found no clear evidence to that effect.